UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMERICAN MODERN HOME INSURANCE COMPANY, | Civil Action No: 3:22-cv-01041 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| LUIS & ELIZABETH CARRENA, CARRENA PROPERTY MGT., LLC, CARRENA PROPERTY MANAGEMENT & REALTY, LLC, and KEMRAJ BUDHAI, | |
| Defendants. | |

Plaintiff, AMERICAN MODERN HOME INSURANCE COMPANY ("AMHIC"), by and through its attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP, as and for its Complaint for declaratory relief, alleges the following:

**INTRODUCTION**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§2201-2202. Plaintiff seeks this Court's determination concerning the respective rights and obligations of the parties under an insurance policy issued to LUIS & ELIZABETH CARRENA in connection with an underlying claim.

2. An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the subject insurance policy is necessary and appropriate.

**JURISDICTION**

3. This Court has original jurisdiction over this civil action under 28 U.S.C. §1332(a).

4. Plaintiff AMHIC is a foreign corporation existing under the law of the State of Ohio

with its principal place of business and domicile located in Ohio.

5. Defendant LUIS CARRENA is a natural person and a citizen and resident of the State of Connecticut.

6. Defendant ELIZABETH CARRENA is a natural person and a citizen and resident of the State of Connecticut.

7. Defendant CARRENA PROPERTY MGT., LLC, is a limited liability company existing under the law of the State of Connecticut with its principal place of business and domicile in Connecticut.

8. Defendant CARRENA PROPERTY MANAGEMENT & REALTY, LLC, is a limited liability company existing under the law of the State of Connecticut with its principal place of business and domicile in Connecticut.

9. Defendant KEMRAJ BUDHAI is a natural person and a citizen and resident of the State of Connecticut.

10. No named defendant is domiciled in the State of Ohio, neither is any named defendant a citizen of the State of Ohio. Plaintiff and defendants are, therefore, citizens of different states and this Court has original jurisdiction over this civil action based upon diversity of citizenship under 28 U.S.C. §1332(a).

11. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## VENUE

12. In this action, AMHIC seeks a declaration of the parties' rights and liabilities with respect to insurance coverage for LUIS & ELIZABETH CARRENA, CARRENA PROPERTY MGT., LLC, and CARRENA PROPERTY MANAGEMENT & REALTY, LLC (collectively, the

"CARRENA DEFENDANTS"), with regard to the underlying lawsuit captioned *Kemraj Budhai v. Luis Carrena, et al.*, UWY-CV-21-6062530-S, in the Superior Court of Connecticut, Judicial District of Waterbury (the "UNDERLYING ACTION"). The complaint in the UNDERLYING ACTION contains allegations of liability against the CARRENA DEFENDANTS. A copy of the presently operative pleading is annexed hereto as Exhibit "A."

13. Venue in this District is proper, pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events, acts, or omissions giving rise to the asserted claim took place in this District.

## NATURE OF CONTROVERSY

14. AMHIC issued to LUIS & ELIZABETH CARRENA Commercial Lines policy number CP27300005 for the period May 25, 2020 to May 25, 2021, on an occurrence basis (the "POLICY"). A copy of the POLICY is annexed hereto as Exhibit "B."

15. The POLICY contains an insuring agreement in Section I—Bodily Injury and Property Damage Liability Coverage, which provides, in pertinent part, as follows:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

16. The POLICY includes the exclusion set forth in the endorsement entitled "Owners' and Contractors' Protective Liability Exclusion Endorsement," which amends the CGL coverage form in pertinent part, as follows:

> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" arising out of:
>
> 1. Operations performed for you by any independent contractor; or
> 2. Your acts or omissions in connection with the general supervision of such operations.

17. The Policy includes the "employer's liability exclusion," which states, in pertinent part, as follows:

> **2. Exclusions**
> This insurance does not apply to:
> \*\*\*
> **e. Employer's Liability**
> "Bodily injury" to:
> **(1)** An "employee" of the insured arising out of and in the course of:
> **(a)** Employment by the insured; or
> **(b)** Performing duties related to the conduct of the insured's business; or
> **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

18. The Policy, in Section II. Who Is An Insured provides, in pertinent part, as follows:

> **SECTION II – WHO IS AN INSURED**
> **1.** If you are designated in the Declarations as:
> **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
> \*\*\*
> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## Underlying Action

19. The UNDERLYING ACTION was initially filed on September 7, 2021, naming the CARRENA DEFENDANTS as defendants.

20. By e-mail dated October 15, 2021, the agent on behalf of LUIS & ELIZABETH CARRENA notified AMHIC of the UNDERLYING ACTION, providing a copy of the Complaint.

21. In the Complaint, underlying plaintiff KEMRAJ BUDHAI alleges that one or more of the CARRENA DEFENDANTS owned the premises at 200 Success Avenue, Bridgeport, Connecticut (the "PREMISES").

22. It is further alleged that on August 17, 2020, Plaintiff was working on the front porch at the PREMISES, when he was knocked off the porch by a ladder, fell to the ground, and sustained injury.

23. The CARRENA DEFENDANTS' negligence is alleged in the failure to provide proper supervision or safety equipment, directing a worker to set up and ascend a ladder to the front porch roof, and failure to warn of the dangers of doing so.

24. Based on these allegations, KEMRAJ BUDHAI alleges two causes of action against each of the CARRENA DEFENDANTS, as follows: 1) vicarious liability; and 2) negligence.

25. KEMRAJ BUDHAI seeks monetary damages from the CARRENA DEFENDANTS.

## Tender, Disclaimer, and Reservation of Rights

26. LUIS & ELIZABETH CARRENA tendered the UNDERLYING ACTION to AMHIC for defense and coverage under the POLICY.

27. By letter dated October 27, 2021, defense counsel retained by AMHIC advised LUIS & ELIZABETH CARRENA that they were being afforded a defense under the POLICY.

28. Subsequently, on or about May 10, 2022, counsel for KEMRAJ BUDHAI produced documents in the UNDERLYING ACTION, which included a Workers' Compensation Notice of Claim in which KEMRAJ BUDHAI claimed that Defendant CARRENA PROPERTY MGT., LLC, was his employer.

29. Said documents also included a Notice to Compensation Commissioner and Employee of Intention to Contest Employee's Right to Compensation Benefits, served on behalf of Defendant CARRENA PROPERTY MGT., LLC, stating as the reason: "Claimed 8/17/20 injury did not arise nor occurred during course of working for Carrena Property Mgt. LLC; Lack of employer/employee relationship between Mr. Budhai and Carrena Property Mgt. LLC; Mr. Budhai an independent contractor and not eligible for workers' compensation benefits from Carrena Property Mgt. LLC; lack of medical evidence to establish causal relationship between claimed injury and alleged employment with Carrena Property Mgt. LLC."

30. AMHIC now seeks a judicial declaration of the parties' respective rights and obligations under the POLICY with respect to the UNDERLYING ACTION, and AMHIC's entitlement to withdraw the defense based on KEMRAJ BUDHAI's independent contractor or employee status *vis-à-vis* the CARRENA DEFENDANTS.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Declaratory Relief – CARRENA PROPERTY MGT., LLC)

31. AMHIC repeats and realleges the allegations set forth in Paragraphs 1 through 30 of this Complaint as if fully set forth herein at length.

32. The complaint in the UNDERLYING ACTION alleges "bodily injury" to KEMRAJ BUDHAI based on the negligence and vicarious liability of CARRENA PROPERTY MGT., LLC.

33. KEMRAJ BUDHAI filed a claim for workers' compensation benefits against CARRENA PROPERTY MGT., LLC, claiming that CARRENA PROPERTY MGT., LLC was KEMRAJ BUDHAI's employer.

34. To the extent CARRENA PROPERTY MGT., LLC was KEMRAJ BUDHAI's employer at the time in question, coverage under the Policy is barred by the "employer's liability" exclusion.

35. CARRENA PROPERTY MGT., LLC filed papers with the Workers' Compensation Board averring that KEMRAJ BUDHAI was not an employee but rather was an independent contractor of CARRENA PROPERTY MGT., LLC.

36. To the extent KEMRAJ BUDHAI was an independent contractor of CARRENA PROPERTY MGT., LLC, coverage is barred by the "Owners' and Contractors' Protective Liability Exclusion Endorsement."

37. As such, whether KEMRAJ BUDHAI was an employee or an independent contractor of CARRENA PROPERTY MGT., LLC, at the time of the alleged incident, coverage for the UNDERLYING ACTION is excluded under the POLICY.

38. Based on the foregoing, AMHIC has no duty to defend CARRENA PROPERTY MGT., LLC in connection with the UNDERLYING ACTION.

39. Based on the foregoing, AMHIC has no duty to indemnify CARRENA PROPERTY MGT., LLC in connection with the UNDERLYING ACTION.

### AS AND FOR A SECOND CLAIM FOR RELIEF
**(Declaratory Relief—LUIS CARRENA)**

40. AMHIC repeats and realleges the allegations set forth in Paragraphs 1 through 39 of this Complaint as if fully set forth herein at length.

41. The complaint in the Underlying Action includes allegations of LUIS CARRENA's individual negligence in failing to provide proper supervision or safety equipment, directing a worker to set up and ascend a ladder to the front porch roof, and failure to warn of the dangers of doing so, as follows:

   a) he failed to properly supervise the work project;
   b) he directed a worker to set up and ascend a ladder on the front porch roof;
   c) he failed to provide any safety equipment;
   d) he failed to provide proper ladders and equipment for the job;
   e) he knew that the job would require workers to work at heights that required safety equipment, yet failed to provide any;
   f) he knew the ladder provided to the workers was not safe or adequate for the job; and/or
   g) he failed to warn the plaintiff of the danger of working on the front porch roof with someone on a ladder.

42. Such claims for negligent supervision are asserted against LUIS CARRENA in his capacity as an employer of KEMRAJ BUDHAI.

43. To the extent LUIS CARRENA was KEMRAJ BUDHAI's employer at the time in question, coverage under the Policy is barred by the "employer's liability" exclusion.

44. Based on the foregoing, AMHIC has no duty to defend LUIS CARRENA in connection with the UNDERLYING ACTION.

45. Based on the foregoing, AMHIC has no duty to indemnify LUIS CARRENA in

connection with the UNDERLYING ACTION.

## AS AND FOR A THIRD CLAIM FOR RELIEF
**(Declaratory Relief – CARRENA PROPERTY MANAGEMENT & REALTY, LLC)**

46. AMHIC repeats and realleges the allegations contained in Paragraphs 1 through 45 as if fully set forth herein at length.

47. With respect to the defendant identified in the UNDERLYING ACTION as "CARRENA PROPERTY MANAGEMENT AND REALTY, LLC," said entity is not identified as an insured in the POLICY declarations.

48. In the UNDERLYING ACTION, CARRENA PROPERTY MANAGEMENT AND REALTY, LLC is alleged to be a limited liability company but is not shown as a named insured in the declarations of the POLICY.

49. As such, the POLICY on its face provides no coverage for CARRENA PROPERTY MANAGEMENT AND REALTY, LLC or for LUIS CARRENA in his capacity on behalf of CARRENA PROPERTY MANAGEMENT AND REALTY, LLC (if any).

50. Based on the foregoing, AMHIC has no duty to defend CARRENA PROPERTY MANAGEMENT & REALTY, LLC in connection with the UNDERLYING ACTION.

51. Based on the foregoing, AMHIC has no duty to indemnify CARRENA PROPERTY MANAGEMENT & REALTY, LLC in connection with the UNDERLYING ACTION.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
**( Reimbursement)**

52. AMHIC repeats and realleges the allegations contained in Paragraphs 1 through 51 as if fully set forth herein at length.

53. AMHIC has been defending the CARRENA DEFENDANTS in the

UNDERLYING ACTION, despite having no contractual obligation to do so as set forth above.

54. AMHIC has been providing such defense to the CARRENA DEFENDANTS subject to a reservation of AMHIC's rights, specifically including the right to reimbursement of defense costs incurred in connection with the defense of non-covered claims.

55. Based on the foregoing, upon a declaration of non-coverage for the CARRENA DEFENDANTS on the grounds set forth above, AMHIC is entitled to reimbursement of defense costs incurred in connection with the UNDERLYING ACTION, in an amount to be proven at the time of trial.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment - Necessary Party)

56. AMHIC repeats and realleges each and every allegation set forth in paragraphs 1 through 55 of this Complaint as if fully set forth at length herein.

57. Plaintiff seeks this Court's determination, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, concerning the respective rights and obligations of the parties under the POLICY in connection with the UNDERLYING ACTION.

58. An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the POLICY is necessary and appropriate.

59. Under Rule 19(a) of the Federal Rules of Civil Procedure, a necessary and otherwise proper party is a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action. Under Rule 19(a) such a person must be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as

a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

60. KEMRAJ BUDHAI is the plaintiff in the UNDERLYING ACTION and as such has an interest relating to the subject matter of the action and will be bound by a determination in AMHIC's favor.

61. As the plaintiff in the UNDERLYING ACTION and alleged injured party, KEMRAJ BUDHAI has an interest relating to the subject matter of the action and will be bound by a determination in AMHICs favor.

62. Therefore, AMHIC is entitled to a declaration that it has no obligation to KEMRAJ BUDHAI for the matters alleged in the UNDERLYING ACTION.

## JURY DEMAND

Plaintiff demands trial by jury on all issues herein.

## DECLARATION

**WHEREFORE**, AMHIC demands judgment on the Complaint declaring as follows:

1) There is no coverage under the POLICY for CARRENA PROPERTY MGT., LLC in connection with the UNDERLYING ACTION, because coverage is precluded by the either the "employer's liability" exclusion or the "Owners' and Contractors' Protective Liability Exclusion Endorsement";

2) There is no coverage under the POLICY for LUIS CARRENA in connection with the UNDERLYING ACTION, because coverage is precluded by the "employer's liability" exclusion;

3) There is no coverage under the POLICY for CARRENA PROPERTY

MANAGEMENT & REALTY, LLC in connection with the UNDERLYING ACTION, because said entity fails to qualify as an "insured";

4) AMHIC is entitled to reimbursement of defense costs incurred with respect to non-covered claims in the UNDERLYING ACTION, in an amount to be determined at the time of trial;

5) AMHIC is entitled to withdraw the defense of the CARRENA DEFENDANTS in the UNDERLYING ACTION;

6) As a necessary and otherwise proper party defendant, KEMRAJ BUDHAI is bound by the Court's coverage determinations; and

7) For such other and further relief as the Court may deem just, proper and equitable, together with the costs, attorneys' fees and disbursements of this action.

**TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
Attorneys for Plaintiff
American Modern Home American Insurance Company

Dated: August 17, 2022

By: /s/ *Denis Farrell* (ct30148)
27 Siemon Company Drive
Suite #102W
Watertown, Connecticut 06795
(203) 445-1300

Of counsel: Eric D. Suben, Esq.
(*pro hac vice* pending)